# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1807V
(not to be published)

| | |
|---|---|
| BARBARA ANN BUSTILLOS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 20, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*John Walton Brookman*, Brookman PLLC, Fort Worth, TX, for Petitioner.

*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On November 26, 2018, Barbara Ann Bustillos filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome (GBS) resulting from adverse effects of an influenza vaccine received on October 21, 2015. (Petition at 1). On September 28, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 49).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 29, 2021 (ECF No. 54), requesting a total award of $67,855.67 (representing $66,501.30 in fees and $1,354.37 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 54-3). Respondent reacted to the motion on March 29, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 55). Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

A. <u>Hourly Rates</u>

Petitioner requests I endorse the following hourly rates for attorney John Walton Brookman: $439 per hour for time billed in 2018; $464 per hour for time billed in 2019; and $484 per hour for time billed in 2020 and 2021. (ECF No. 54-1 at 1 - 16). Mr. Brookman has been a licensed attorney since 1988, and the rates requested fall within the range for Program attorneys with over 31 years' experience (albeit on the high end).[3] (ECF No. 54-4). However, Mr. Brookman does not have demonstrated Vaccine Act experience, with this matter being his first case in the Program. It is therefore improper for him to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested rates for Mr. Brookman's time on this matter to the following: $395 per hour for time billed in 2018; $415 per hour for time billed in 2019; $430 per hour for time billed in 2020; and $445 for time billed in 2021. This reduces the amount to be awarded in fees by **$5,237.60**.[4]

B. <u>Paralegal Tasks at Attorney Rates</u>

Mr. Brookman's rate must also be reduced where applied to work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but <u>only</u> at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs*., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs*., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs*., 99-382V, 2009 WL

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] This amount is calculated as follows: ($439 - $395 x $44 x 36.99 hrs = $1,623.60) + ($448 - $415 = $33 x 66.2 hrs = $2,184.60) + ($464 - $430 = $34 x 40.55 hrs = $1,378.70) + ($484 - $445 = $39 x 1.3 hrs = $50.7) = $5,237.60.

3

3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Brookman billed over 24 hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records, organization and downloading documents. Examples of these (which are not an exhaustive list) include the following:

- November 22, 2018 (2.0 hrs) "Scan and upload medical records; Document exhibit numbers" ;

- February 4, 2019 (0.40 hrs) "Locate records request office for Dr. Shin Beh, MD, Neurologist at UT Southwestern Medical Center Clinical Center for Multiple Sclerosis; Draft records request letter and fax along with current HIPAA Authorization to records department";

- March 7, 2019 (0.10 hrs) "Receipt of faxed invoice from Lexa Records for prepayment in order to release records from Dr. Walter Gaman for treatment between October 2012 and December 2014. Contact Lexa via telephone to pay invoice; Leave voicemail for Texas Records";

- May 13, 2019 (1.70 hrs) "Renumber exhibits related to Dr. Gaman, Dr. Israel, UT Southwest Medical Center, and Texas Urogynecology; Draft First Amended Exhibit List and Notice Filing of Exhibits 13 to 18 c; File the Exhibit List and Notice with the court"; and

- December 23, 2019 (0.50 hrs) "Scan the final draft of Petitioner's Report on Damages and file with the Court."

(ECF No. 2, 4, 6, 8, and 11).

I shall reduce Mr. Brookman's rate for these tasks to $145 per hour, which is comparable to what a paralegal would receive. This reduces the awardable attorney fees by **$7,211.00**.[5]

---

[5] This amount consists of ($395 - $145 = $250 x 12.8 hrs = $3,200) + ($415 - $145 = $270 x 11.9 hrs = $3,213) + ($430 - $145 = $285 x 2.8 hrs = $798) = $7,211.00.

4

### C. Administrative Time, Travel Time, and Block Billing

In addition to reducing the requested hourly rates, I find that the amount of attorney's fees to be awarded must also be reduced to account for tasks for administrative matters, as well as time billed incorrectly for travel. After a review of the records, a majority of these entries are blocked with other tasks - making it extremely difficult to parse out the time inappropriately billed to this matter. Block billing or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored in the Program. *See Broekelschen v. Sec'y of Health & Human Servs.,* 07-137V, 2008 WL 3903710 (Fed. Cl. Spec. Mstr. Dec 15, 2006). Rather, the Vaccine Program's Guidelines for Practice state that "[e]ach task should have its own line entry indicating the amount of time spent on that task."[6] Several tasks lumped together with one-time entry frustrates the court's ability to assess the reasonableness of the request.

The filed billing records also reveal several instances in which work was performed on tasks considered clerical or administrative and are blocked with tasks that are billable. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A few examples of these entries (which do not constitute an exhaustive list) include:

- November 22, 2018 (2.0 hrs) "Scan and upload medical records; Document exhibit numbers";

- March 7, 2019 (0.10 hrs) "Receipt of faxed invoice from Lexa Records for prepayment in order to release records from Dr. Walter Gaman for treatment between October 2012 and December 2014. Contact Lexa via telephone to pay invoice; Leave voicemail for Texas Records";

- March 11, 2019 (0.20 hrs) "Receipt of communications from Texas Records with instructions for downloading requested medical records. Download and initial revie of records"; and

---

[6] The Guidelines for Practice can be found at
http://www.cofc.uscourts.gov/sites/default/files/19.01.18%20Vaccine%20Guidelines.pdf

5

- December 23, 2019 (0.50 hrs) "Scan the final draft of Petitioner's Report on Damages and file with the Court."

(ECF No. 54-1 at 2, 6, 7 and 11).

There are also some issues with time devoted to travel. Mr. Brookman billed for time traveling to multiple meetings with Petitioner, time for travel to Petitioner's residence to obtain signatures on several documents and travel to personally pick up medical records. (ECF No. 54-1 at 1-16). In the Vaccine Program, however, special masters traditionally have compensated time spent traveling, and when no other work was being performed, at one-half an attorney's usual hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Over 15 hours was billed on travel combined with additional tasks. As the travel time was billed with other tasks, I am unable to decipher the amount of time spent on each task.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants.". *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). I thus account for the foregoing by reducing the total sum to be awarded (calculated at the rates previously discussed) by ten percent as a fair adjustment to account for the billing issues. This results in an overall reduction for a total of **$5,405.27**.

## ATTORNEY COSTS

Petitioner requests $1,354.37 in costs. (ECF No. 54-2 at 1). This amount is comprised of obtaining medical records, printing costs and filing fees. I have reviewed all of the requested costs and find them to be reasonable, and shall therefore award these amounts in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$50,001.81** (representing $48,647.43 in fees and $1,354.38 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.